**STATE of Missouri, Respondent,**

v.

**Harold HAWKINS, Appellant.**

**No. KCD 29994.**

Missouri Court of Appeals, Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

Application to Transfer Denied July 17, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

On November 15, 1977, a jury found appellant guilty of the commission of three crimes: Robbery in the First Degree; Assault with Intent to do Great Bodily Harm with Malice; and Armed Criminal Action. Upon a finding that appellant was a second offender, the court sentenced him, respectively, to imprisonment in the Department of Corrections, ten years, fifteen years, and three years, to run consecutively, a total of twenty-eight years.

Counsel for appellant moved the court to quash the jury panel on the ground that § 494.031 RSMo 1969, permitting women on juries to be excused from jury service upon their timely application, is unconstitutional.

Counsel stated to the court that he was not prepared to put on any evidence in regard to the motion, resting his motion on asserted invalidity of the juror questionnaire, and "the fact that as women may opt off jury panels at their whim, I feel, is unconstitutional on its face". The court noted that there was a test case pending in the Supreme Court on this issue, which was pending in a number of other cases, and for the purpose of the trial, the motion was denied. See Duren v. Missouri, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). The issue was presented in the motion for new trial, but it is not included with appellant's briefed two points on this appeal.

■ The matter pertaining to the Duren, supra, question, being one of constitutional nature, may and should be considered by this Court sua sponte as plain error under Rule 27.20(c). State v. Coyne, 452 S.W.2d 227, 228[1] (Mo.1970), and cases cited; State v. Tolliver, 561 S.W.2d 407 (Mo.App.1977); State v. Henderson, 510 S.W.2d 813 (Mo. App.1974).

There was no evidence, as noted, presented as to the number or percentages of women who were excused upon their request from being members of the jury wheel; as of any resultant disproportionate number or percentage of women who actually appeared for jury service in this case. The Duren case, supra, held that in March, 1976, Duren was unconstitutionally deprived of a fair cross-section of the community by reason of the exemption of women from petit jury service—which had been done systematically. In several other cases tried in Jackson County, Missouri, the state stipulated that for the year 1977, the same method of selecting jury wheels as was employed in 1976 was used. See for example, State of Missouri v. Heavey, 582 S.W.2d 284 (Mo. App.1979) (No. WD 29,834); and State of Missouri v. Peters, 582 S.W.2d 323 (Mo. App.1979) (No. WD 29,710); State of Missouri v. Tate, 582 S.W.2d 329 (Mo.App. 1979) (No. WD 29,875); State of Missouri v. Buford, 582 S.W.2d 298 (Mo.App.1979) (No. WD 29,658). It is noted in the Tate case that " * * * [T]he policy employed as to

automatic exemption of 'women upon request has in the last few years been spread upon the records of many trial courts, this Court and the Supreme Court of Missouri in a number of cases and was well and generally known". In State of Missouri v. Coleman, 582 S.W.2d 335 (Mo.App.1979) (No. WD 30,043) it is held "These proofs concede, and these precedents decide, that the systematic gender discrimination in Jackson County venires for the year 1976 which prompted reversal in Duren continued into year 1977 * * *." [All these cited cases are handed down concurrently herewith.]

■ The fact of systematic gender discrimination existing in the foregoing cases for the year 1977 (when this case was tried) may be judicially known by this Court under the exception to the the general rule stated in Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889[3] (1943). " 'Of course a court can judicially notice its own records, and courts, when justice requires, should and do, in deciding a case, consider the records of other cases, * * *. And "there may be cases so closely interwoven, or so clearly interdependent as to invoke" a rule of judicial notice in one suit of the proceedings in another suit.' 23 C.J., pp. 113–114; Thompson v.Scott, supra. See, also, 31 C.J.S., Evidence, § 50." Note also, Sympson v. Rogers, 314 S.W.2d 717, 721[3] (Mo.1958); Layton v. State, 500 S.W.2d 267, 269[4–8] (Mo.App.1973); and Mince v. Mince, 481 S.W.2d 610, 614 [9–14] (Mo.App. 1972). The fact judicially noticed here appears with certainty, upon which controversy is unlikely. Therefore, for this reason, this case must be reversed and remanded for new trial.

■ One issue must be determined before remand. Appellant contends (Point I) that the trial court erred in failing to suppress evidence of his flight(s). The first flight in evidence was about one hour after the alleged robbery, when an officer spotted appellant eleven blocks from the scene. Appellant fled, was pursued, but was not apprehended, but the officer recognized him. The second flight was from appellant's home and he was seen in the back

yard thereof, ordered to freeze, but escaped after a foot chase. Forty-one days later, appellant was seen again by officers at 47th and Troost, and then after pursuit he was arrested. This evidence will be admissible on new trial as a circumstance the jury might consider as an intention to avoid trial because of a consciousness of guilt. *State v. Duncan*, 336 Mo. 600, 80 S.W.2d 147 (1935); *State v. Adams*, 537 S.W.2d 201 (Mo.App.1976). In *State v. Rutledge*, 524 S.W.2d 449, 458[14] (Mo.App.1975), it was said, "Unexplained flight is a relevant circumstance in connection with guilt or innocence. Flight may be either from the scene of the crime *or elsewhere* if it is in order to avoid arrest or prosecution. Remoteness of the flight—in space and time—from the scene and time of the alleged crime goes only to the weight of the evidence and not to its admissibility. (citing cases)." (Emphasis supplied). These cases control and Point I is overruled. Point II relates to argument of counsel which is unlikely to recur on new trial and thus need not be considered.

The judgment is reversed and the case is remanded for new trial.

All concur.