**STATE of Missouri, Respondent,**

v.

**Charles L. TATE, Appellant.**

**No. KCD 29875.**

Missouri Court of Appeals, Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

Application to Transfer Denied July 17, 1979.

Clifford A. Cohen, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

Appellant was convicted by a jury of Robbery First Degree and sentenced to twelve (12) years confinement in the Missouri Department of Corrections. From this judgment, he appeals. The robbery as charged in the Information occurred on April 7, 1977. The trial began September 20, 1977 and the jury returned its verdict on September 21, 1977.

Prior to the selection of the jury the defendant (appellant) filed his motion to quash the jury panel upon the ground that the procedure for the selection of jury panels in Jackson County, Missouri under § 494.031 and § 497.130 RSMo 1969, and Article I, Section 22(b) of the Constitution of Missouri (1945) allowing women automatic exemption from jury service denied him his right to a jury composed of a representative cross-section of society and thus denied him his Sixth Amendment rights.

In support of this motion to quash the jury panel the defendant filed a written stipulation which referred to and incorporated supporting exhibits, agreeing to the procedures followed in the selection of the 1976 jury wheel from which trial jury panels were drawn which in lieu of evidence supported the charge that under the above-noted statutes and the forms and questionnaires used to implement them, women were, in fact, granted automatic exemption upon request in that year and that these procedures resulted in a disproportionate

number of women jurors for service. In open court, the state agreed that the same method was employed to select the jury wheel for 1977, from which the jury panel that tried defendant in this case was drawn. It was further stipulated in open court and on the record that of the 38 persons on the panel three were women and of the twelve persons comprising the jury one was a woman.

The state takes the position that, although there is no dispute as to the nature and description of the exhibits referred to in the stipulation, the defendant did not in fact file such exhibits as a part of the stipulation or as part of the record on the trial in support of his motion to quash the panel. During the presentation of the motion to quash the jury panel it appears, however, that the prosecuting attorney made the following statement to the court:

"MR. WILLIAMSON: (Prosecutor) I believe that Mr. Sterling (defense counsel) said the exhibits aren't attached to the stipulation, Judge.

This motion has been filed in a number of cases, and I don't have any objection to the exhibits being filed at a later time, as they have been—the same exhibits that have been in other cases, I think, that has been before yourself and most of the other judges here in the circuit."

The methods of selection of prospective jurors whose names were placed in the jury wheel of Jackson County, Missouri and the policy employed as to automatic exemption of women upon request has in the last few years been spread upon the records of many trial courts, this Court and the Supreme Court of Missouri in a number of cases and was well and generally known. There was no issue as to this in the trial below, and, if any purpose would be served, this Court could order the exhibits referred to in the stipulation filed here as part of the record. However, this Court is intimately familiar with these forms and documents and they are unnecessary for a determination of this case in the light of the decision in *Duren v. State of Missouri*, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579, decided by the Supreme

Court of the United States on January 9, 1979, and other cases decided by that Court in January wherein it was held that the methods employed by Jackson County, Missouri as affecting jury service of women violated the fair cross-section requirement set forth by that court in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and was in violation of the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment of the Constitution of the United States. *Duren v. State of Missouri*, supra, requires reversal of the judgment in this case.

Reversed and remanded.

All concur.