STATE of Missouri,
Plaintiff-Respondent,

v.

William J. WILLIAMSON,
Defendant-Appellant.

No. KCD 30342.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

Robert Beaird, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Special Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

We affirm the second-degree murder conviction of defendant William J. Williamson upon which he was sentenced, in accordance with the jury's verdict, to 20 years' imprisonment.

The sufficiency of the evidence to support the judgment is not challenged. A very brief statement of the facts will suffice for our purposes:

On the evening of December 28, 1977, defendant entered a bar in Kansas City, Missouri, where John "Sonny" Horton was seated at a table with his concubine, Gaynell Harris, and another companion, Q. T. Lee. According to the state's evidence, defendant without provocation attacked Horton with a large butcher knife, inflicting four wounds, from one of which he shortly died. Defendant then left the bar and disposed of the knife by throwing it into some weeds in a vacant lot a half-block away, where it was retrieved by the police upon their arrival.

Defendant testified that Horton, armed with a knife, had started the fight. He testified that Horton's wounds were inflicted with his own knife during the course of their struggle, except a wound in the back which defendant said could have been inflicted by Gaynell as she struck at defendant during the affray. As defendant and Horton fell to the floor, Horton fell upon his knife and his grip at once relaxed. Defendant seized the knife and stabbed him once more.

He brings the case before this court with two complaints of trial error.

*Cross-examination of defendant with respect to police role in prior convictions shown for impeachment purposes.*

The first complaint is that the court overruled defendant's objection to the prosecutor's cross-examination question, "Have the police ever done anything to you?" (Defendant had given as an explanation for his leaving the bar before the arrival of the police, and his discarding the knife, that he was "frightened of the police".) The court overruled the objection, and the defendant answered the question: "They have been mistaken on occasion."

■ The court's ruling was correct. The defendant's flight, and his discard of the weapon, constituted evidence of his guilt of the offense. *State v. Burnley*, 480 S.W.2d 881 (Mo.1972); *State v. Cooper*, 541 S.W.2d 40, 45 (Mo.App.1976); *State v. Garrison*, 147 Mo. 548, 49 S.W. 508, 510 (Mo.1898). Defendant undertook to offer another explanation for his actions than consciousness of guilt, i. e., that he was frightened of the

police. It was well within the court's discretion to allow the prosecutor to cross-examine to test this explanation of the defendant. *State v. Scown*, 312 S.W.2d 782, 786–787 (Mo.1958); *State v. Wendell*, 542 S.W.2d 339, 341 (Mo.App.1976).

There followed without further objection from the defendant, a rather lengthy exchange between prosecutor and defendant, mixing proof of prior convictions of crimes (of which there were two, both upon guilty pleas) and the roles of the police therein. The allowance of this cross-examination is said to be error.

The proof of the criminal convictions was admissible for impeachment under § 491.-050, RSMo 1969; *State v. Toliver*, 544 S.W.2d 565, 568–569 (Mo. banc 1976).

Defendant's answers on cross-examination, touching the roles of the police in the prior convictions, were designed to blunt the impact of the convictions. Of a conviction for carrying a sawed-off shotgun, he said there were "extenuating circumstances". He said he had "no choice" but to plead guilty since he was "broke" and "not able to continue my defense". The police had "manufactured" the evidence, he said. He also said the police had fabricated the evidence which had led him to plead guilty to a later charge of malicious destruction of property. None of the details of either crime were elicited.

■ It is true, as defendant points out, that the state is not permitted, upon proof of a prior conviction for impeachment purposes, to go beyond the fact of the conviction to give it undue emphasis or to show details of the convicted crime so as to aggravate it. "The scope of such prior conviction inquiry is subject to the discretion of the trial judge to act, upon timely objection, to prevent probing of convictions for any purpose other than to affect the witness' credibility." *State v. Toliver, supra.* But here defendant made no objection other than the one noted above, at the beginning of the exchange, when the prosecutor asked: "Have the police ever done anything to you?" Except for that initial question, objection and answer, with which we have

already dealt, no objection was made and the court was not asked to limit the prosecutor's questions with respect to the prior convictions. The matter is therefore not preserved for review. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo.App.1973).

■ However, even had an objection been made and overruled, we see no prejudice to defendant. The idea of not allowing extensive inquiry into details of the conviction proved for impeachment is that the fact of the conviction ought not to be aggravated by additional facts to the defendant's prejudice—and further that inquiry into such collateral matters must be closely limited in order to avoid confusion of issues and waste of time. *State v. Newman*, 568 S.W.2d 276, 281–282 (Mo.App.1978); McCormick on Evidence 88–90, 439–440 (1972). The facts brought out here with respect to the prior convictions were not of a kind which would aggravate the conviction itself, as would the details of the crime. Actually defendant's allegations of police misconduct, if believed, would diminish the prejudicial effect of the convictions. The defendant suffered no prejudice from the additional facts surrounding the convictions. *State v. Porter*, 538 S.W.2d 888, 891 (Mo.App.1976); *State v. Lee*, 536 S.W.2d 198, 199 (Mo.App.1976).

*Attack upon venire on Due Process claim of underrepresentation of women presented for first time in brief upon appeal.*

■ The defendant raises in his brief in this court, for the very first time, the objection that "the court erred in accepting the venire as constituted under the 1978 Jackson County rules because that system of jury member selection violates the constitutional rights of the defendant." For this proposition he cites *Duren v. State of Missouri*, 439 U.S. 664, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). However, *Duren* does not aid the defendant where no timely motion to quash the jury panel was filed. *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

The judgment is affirmed.

All concur.