**STATE of Missouri, Respondent,**

v.

**Daryl R. CARTER, Appellant.**

**No. KCD 30259.**

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., and WELBORN and MURPHY, Special Judges.

WASSERSTROM, Chief Judge.

Defendant appeals from convictions by jury of robbery, first degree, and rape. He assigns five points of error, the first of which has merit and requires reversal. To the extent that they are likely to recur on retrial, his other points will be briefly considered.

The determinative issue on this appeal is defendant's contention that his motion to quash the jury panel should have been sustained because of the option given to women not to serve. This practice was held unconstitutional in *Duren v. State*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The State, however, argues that defendant waived this point by his failure to press for a ruling by the trial court on this objection, citing *State v. Young*, 534 S.W.2d 585 (Mo.App. 1976) and similar cases. With respect to the handling of the motion to quash, the following constitutes all that occurred:

"THE COURT: This case is the first for trial today. We are now going to consider motions. The first motion I see is Motion to Quash Jury Panel. How about that, Mr. Rogers? Are you going to withdraw that, right?

MR. ROGERS: I wasn't even aware it was filed. Apparently it was filed at the time of arraignment. There is no copy in my file. Was it signed by myself?

THE COURT: You signed it, unless somebody forged your signature.

MR. ROGERS: If it's illegible, it's got to be mine.

(Off-the-record proceedings).

THE COURT: By agreement, this particular motion is passed for the time being, and we will go to the Motion to Dismiss."

The situation here differs markedly from *Young* and like cases and does not come within the reason for the rule announced in those cases. In *Young*, for example, the defendant moved to suppress identification testimony, and that motion could have been sustained depending on what was shown by the evidence. In the present case, on the other hand, the ruling on defendant's motion to quash the jury panel was preordained and the trial court had no option but to overrule the motion.

That lack of choice followed inexorably from the ruling by the Missouri Supreme Court in *State v. Duren*, 556 S.W.2d 11, decided September 27, 1977, rehearing denied October 11, 1977. Although *Duren* was eventually reversed by the United States Supreme Court, the latter ruling did not come until January 9, 1979. Thus, the Missouri Supreme Court decision was in effect and binding upon the trial court when this case was tried in the spring of 1978. The Public Defender's Office, which had tried *Duren* and also defended this case, obviously filed the motion to quash here solely to save the point in case the United States Supreme Court should rule *Duren* in their favor. Defense trial counsel could have had no hope of the trial court here sustaining his motion to quash, there was

no real point in his pressing for a formal ruling on the motion, and the trial court was not deprived of any opportunity for an exercise of judgment when defense counsel failed to do so. The entry of an order on the motion would have been the sheerest of formality. The failure of defense counsel to insist on that ritualistic gesture should not be branded as an abandonment or incur the penalty of his client's forfeiture of a constitutional right. It is enough under the present circumstances that the defense filed its motion to quash and preserved the point in its motion for new trial. The basic considerations underlying *State v. Beavers*, 591 S.W.2d 215, being decided concurrently herewith by another division of this court, apply also here.

■ With respect to this matter, the State also makes passing reference to defendant's failure to introduce evidence in support of the motion to quash. In that connection, it acknowledges that *State v. Hawkins*, 582 S.W.2d 333 (Mo.App. 1979) holds lack of such proof not to be fatal, but the State expresses its disagreement with *Hawkins*. Despite the State's nonacquiescence, we adhere to our ruling in *Hawkins*. See also *State v. Beavers, supra.*

■ Defendant's second assignment of error is that a shotgun was improperly admitted into evidence, because (according to defendant) that shotgun was obtained by the police as the result of an illegal search and seizure. The pertinent facts are that the police stopped and searched an automobile in which defendant was riding as a passenger. They opened the trunk of the car and there found the shotgun which is now in question. There is no need to detail or consider the various facts upon which the prosecution contends the police were entitled to make the search, nor to go into the reasons for which defendant believes the search to have been unjustified. This entire issue can be disposed of on the narrow ground that no matter how illegal the search may have been, defendant himself has no basis for complaint. He was no more than a casual passenger. He does not claim to have had any ownership or proprie-

tary interest in the automobile searched or the property seized. He therefore had no reasonable expectation of privacy concerning the contents of the trunk of the car, and he may not raise any Fourth Amendment objection. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Shive*, 585 S.W.2d 192 (Mo.App. 1979).

■ Defendant's next point is that certain laboratory reports should have been excluded on the ground that they constituted hearsay and that defendant was denied his right to confront witness Covey, who prepared the reports. The exhibits in question were admitted under the Business Records Act, § 490.660 et seq., RSMo 1978. In such situation, defendant cannot validly object that he was deprived of the right to confront the adverse witness. *State v. Taylor*, 486 S.W.2d 239 (Mo. 1972); *State v. Rhone*, 555 S.W.2d 839 (Mo. banc 1977). Defendant candidly admits that those opinions rule contrary to his contention. Although he may believe those decisions to have been erroneous, this court is bound thereby.

■ Defendant next objects to the admission under the Business Records Act of a laboratory report prepared by Dale Trigg. His contention with respect to the claimed denial of confrontation is overruled in accordance with the ruling next above concerning the Covey reports. Defendant further objects to the Trigg report on the ground that Trigg's qualifications as an expert were not adequately shown. The rule in this regard is that the trial court has a wide discretion in determining proper qualifications as an expert and that the necessary expertise may be acquired by practical experience as well as by academic training. *State v. Rhone, supra.* The evidence here does not show that the trial court abused its discretion. Trigg had worked in the police laboratory approximately three years and his duties included analysis of fingerprints, latent fingerprint examinations and photo developing. Furthermore, he had attended local schools on police laboratory methods and had received on-the-job training. One of his supervisors, who appeared in court as

a witness, had observed Trigg's work and had found his opinions and tests to be accurate. Defendant's objection on this score is overruled.

Defendant's final point relates to the prosecutor's closing argument in which he commented upon defendant's failure to call certain witnesses. This same matter is not likely to recur in the same context on retrial and therefore need not be discussed here. Attention of the prosecuting attorney and of the trial court, however, is called to the recent opinion in *State v. Valentine*, 587 S.W.2d 859 (Mo. banc 1979).

Because of the failure to quash the jury panel, the judgment of conviction is reversed and the cause is remanded for new trial.

All concur.