**STATE of Missouri, Respondent,**

v.

**Felix R. BEAVERS, Appellant.**

**No. KCD 30144.**

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and SWOF-FORD and CLARK, JJ.

CLARK, Judge.

Defendant was charged by information with the offense of tampering with a motor vehicle. He was tried before a jury, was found guilty and was thereafter sentenced by the court as a second offender.

As the sole point raised on this appeal, defendant contends that the trial court erred in failing to sustain his motion to quash the petit jury panel. Such motion, addressing the automatic exemption available to prospective jurors of the female gender, asserted a violation of the Sixth and Fourteenth Amendments to the United States Constitution in that defendant was denied his right to trial by a jury comprising a fair cross section of the community.

Defendant's motion to quash the jury panel was filed November 30, 1977. The record reflects no action with respect to the motion until February 1, 1978. At that date, the case was called for trial and, in a colloquy in chambers before selection of the jury commenced, the court inquired of defense counsel if he desired to pursue the motion. Counsel informed the court that a transcript record from the case of *State v. Bass*[1] was to be offered by stipulation as an evidentiary basis for the motion, but the record was not immediately available. In the interests of expediting the trial, defense counsel suggested that the issue of the jury panel infirmity be ruled against the defendant and that selection of the jury proceed.

The transcript on appeal includes no ruling by the trial court on the motion to quash the jury panel. Pursuant to Rule 81.12(c) and in the interests of appropriate disposition of this cause, this court of its own initiative has reviewed the trial court file, has identified therein an order by the trial court overruling defendant's motion to quash the jury panel and has directed that the omission be corrected by the addition of such order to the transcript record.

Ruling on defendant's motion was by minute entry preceding selection of the trial jury and, presumably, at the conclusion of the in-chambers conference described above. The order states: "The defendant's motion to quash jury panel is taken up and no evidence being presented is overruled."

The trial of the case proceeded to verdict and a motion for new trial was filed. Among other grounds, failure of the trial court to quash the jury panel was alleged as error and the constitutional grounds contained in the original motion were restated. Additionally, defendant offered and the court received the *Bass* case transcript. On March 20, 1978, the court overruled the motion for new trial reflecting, as to the constitutional challenge of the jury selection process, the then controlling decisional

authority, *State v. Duren,* 556 S.W.2d 11 (Mo.banc 1977).

Although conceding that which has been repeatedly confirmed in the subsequent decisions of this court, obligatory reversal of convictions in *Duren* type cases where the constitutional defect in jury composition has been raised and preserved, the State argues here that defendant failed effectively to present the issue and, for lack of any evidentiary basis, the point is not available for consideration on appellate review. At the heart of the State's contention is that circumstance, exemplified in the trial court's minute entry, in which defendant's motion was denied for want of any showing that automatic exemption to women from jury service had, as to the subject jury array, actually reduced female participation.

■ In *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the court held a violation of the "fair-cross-section" requirement for petit jury sources to entail a three-prong test including a demonstration that a distinctive group in the community is proportionally underrepresented in the venires. Thus, it was noted that exemptions from jury service may permissibly result in some degree of over-or-under-inclusiveness but constitute a prima facie violation of the constitutional requirement when experience demonstrates a substantial threat that the pool of jurors is not representative of the community. The challenge to the jury array must in some manner show the actual effect of discriminatory selection in the composition of the jury pool from which the panel in issue was selected. This cannot be accomplished if the court has no evidence on the subject.

■ While defendant here did not offer evidence of the disproportionate female participation in Jackson County juries, such evidence was before another division of the

1. *State v. John Henry Bass,* Jackson County No. CR–77–1146, was employed as a vehicle for statistical proof of jury array and panel composition for the years 1976 and 1977 in Jackson County and was used in several *Duren*

type cases to avoid repetitive proof. Although the *Bass* transcript was later supplemented to include data for 1978, such was not done until subsequent to receipt in evidence of the transcript in the subject case.

same court as exemplified in the *Bass* transcript later filed and by stipulations of jury wheel statistical data for the years 1976 and 1977 of which judicial notice may be taken from the records before this court in numerous other cases dealing with the same issue. The holding in *State v. Hawkins,* 582 S.W.2d 333 (Mo.App.1979) controls and stands for the proposition that when justice requires, judicial notice must be taken of proceedings in other interwoven and interdependent cases. The constitutional and statutory policies granting automatic exemption from jury service to women in Jackson County and the consequent underrepresentation of women on juries is well and generally known from evidence in many similar cases. Judicial notice of such facts must be taken and supplies the factual data necessary to support defendant's challenge by his original motion to quash the jury panel.

Yet another issue, however, remains. While defendant's motion may not be held to have failed for want of statistical proof, the record nonetheless reveals that defendant sought no time to perfect the evidentiary proof in furtherance of the motion, made no argument in support of or urged the merits of the motion and acquiesced in a perfunctory disposition of the constitutional question which the motion presented. In fact, it was defendant's counsel who suggested to the court that the motion be denied so that the jury selection could proceed. On this record of trial, it is suggested that defendant must be deemed to have abandoned the motion and the point is therefore not preserved for appellate review.

Although the record here bespeaks of little if any advocacy of the jury array issue by defendant when the subject was procedurally ripe for contest, implication that the point was tacitly abandoned is refuted by a recognition of the state of the law as then perceived. At the date in question, February 1, 1978, trial courts in Missouri were bound by the decision of the Missouri Supreme Court in *State v. Duren, supra,* a circumstance which patently blunted the practical value of and the immediately pro-

spective result to be obtained from pursuit at the trial level of motions asserting the jury question.

The then pendency of the issue before the United States Supreme Court, however, dictated that a motion be routinely offered to preserve the question despite the current situation which predetermined the motion disposition. Such climate amply explains the approach of defendant toward disposition of the motion in this case, an approach prompted not by any intention to abandon the point, but by a recognition that relief would be accomplished, if at all, through the then pending litigation seeking affirmance at the national level of the constitutional challenge to Missouri jury selection procedures.

Further dispelling any suggestion of abandonment by inference in this record are the statements by defendant's counsel in the pretrial discussion which resulted in disposition of the motion as described above. While counsel did suggest the summary denial of his motion, he stated at the same time that the subject would be renewed in a motion for new trial at which time he anticipated presenting the *Bass* case transcript. Such in fact was done.

This case is to be distinguished from cases in which a point of error is ineffectively or imperfectly raised or, having been raised, is not preserved for review. Here, the motion to quash the jury panel was filed, it was ruled by the trial court, the point was reasserted in the motion for new trial and it has been briefed and argued on appeal. It cannot be successfully contended that the issue of underrepresentation of women in the jury array has, under this record, been waived or abandoned.

The State additionally argues that even if the motion to quash the jury panel may have been effectively presented and was not abandoned under the circumstances related, it must yet fail for want of proof of gender discrimination in the juries for the year of trial, 1978. In fact, the *Bass* case transcript belatedly offered at the hearing on the new trial motion contained statistics

only for the year 1977 and was supplemented with 1978 data on June 27, 1978, some three months after disposition of defendant's motion for new trial in the subject case.

This issue was resolved by the opinion of this court in *State v. Coleman,* 582 S.W.2d 335 (Mo.App.1979), where it was stated:

"We understand that [*Duren v. State of Missouri, supra*] to mean that a jury selection system installed by law gender-discriminatory in method and gender-discriminatory by prolonged practice [the 1975 and 1976 base period proven in *Duren*] is deemed to continue until shown abated by the State."

While *Coleman* applies the rationale of presumed gender discrimination continuing into the year 1977 by proof from the base years 1975–1976, there is no suggestion that change occurred in the petit jury selection process employed in the subject case. The precedents therefore require the assumption, absent proof to the contrary, that the incidence of discriminatory venires in Jackson County persisted into 1978, the year of trial of this case.

The judgment is reversed and the case is remanded for a new trial.

All concur.