**STATE of Missouri, Respondent,**

v.

**Garland WILLIAMS, Appellant.**

**No. KCD 30569.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

Motion for Rehearing and/or Transfer
Denied March 3, 1980.

Joe F. Willerth, Cochran, Kramer, Kapke & Willerth, Independence, for appellant.

John Ashcroft, Atty. Gen., Lisa M. Camel, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

WASSERSTROM, Chief Judge, Presiding.

A jury found defendant guilty of robbery in the first degree [1] (Count I of the information) and of armed criminal action [2]

---

1. Section 560.120, RSMo 1969 (Repealed effective January 1, 1979).

2. Section 559.225, RSMo Supp.1976 (Repealed effective January 1, 1979).

(Count III), but not guilty of assault with intent to kill with malice (Count II). Pursuant to the authority granted by the second offender act, the court imposed sentence of ten years for the robbery and three years for the armed criminal action, the sentences to run concurrently. From the judgment accordingly, defendant appeals.

## I.

Defendant's Point Relied Upon IV contends that it was plain error for this case to have been submitted to a jury selected by the process declared in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) to be discriminatory against women. The state seeks to distinguish *Duren* on the ground that defendant made no objection to the jury panel or its manner of selection in the trial court, and he raises this objection now for the first time on this appeal.

Prior decisions of this court have sustained objections based on *Duren* despite deficiencies in the procedure normally required for the preservation of error. Thus we have held it to be immaterial that the defendant did not introduce evidence to show the discriminatory effect of the manner in which the jury was selected during the particular year in which the case on review was tried. *State v. Beavers*, 591 S.W.2d 215 (1979); *State v. Hawkins*, 582 S.W.2d 333 (Mo.App.1979). Similarly, we have held it to be immaterial that the defendant did not insist on a ruling with respect to the motion to quash the jury panel, although such insistence is normally required. *State v. Carter*, 591 S.W.2d 219 (1979).

In *Carter*, we pointed out that the Missouri Supreme Court in *State v. Duren*, 556 S.W.2d 11, had sustained the Jackson County method of jury selection against the contention of discrimination against women; that decision dated September 27, 1977, remained in effect and binding upon all lower Missouri courts until January 9, 1979, when *Duren* was reversed by the United States Supreme Court; and that any challenge against jury venires in Jackson County on the basis of female discrimination were fore-doomed to being overruled by the trial court during the period between those two decisions. We held in *Carter* (in which the trial occurred during the interval between the Missouri Supreme Court and the United States Supreme Court's *Duren* decisions) that "there was no real point in his [the defendant] pressing for a formal ruling on the motion, and the trial court was not deprived of any opportunity for an exercise of judgment when defense counsel failed to do so. The entry of an order on the motion would have been the sheerest of formality. The failure of defense counsel to insist on that ritualistic gesture should not be branded as an abandonment or incur the penalty of his client's forfeiture of a constitutional right."

■ The same considerations stated above in *Carter* apply also here. This case was tried in September 1978, during the interval between the Missouri Supreme Court and the United States Supreme Court's *Duren* decisions. Just as it would have been a mere ritualistic gesture for the defendant in *Carter* to have pressed for a ruling on his motion to quash the jury panel, so also it would have been equally a mere ritualistic gesture for this defendant to have pursued a motion to quash the jury panel. Any such motion was foredoomed to failure at the trial level. The trial court at the time this trial was held had no choice other than to follow the Missouri Supreme Court's *Duren* opinion. As in *Carter*, so also here the failure of the defendant's counsel to do a useless act should not incur the penalty of his client's forfeiture of all constitutional rights.

Indeed, even if we were to hold defendant barred procedurally from raising the *Duren* question on this direct appeal, he could still file a motion under Rule 27.26 alleging that such loss of this point on direct appeal resulted from ineffective assistance of counsel. The same counsel on this appeal handled the trial, and he made it clear in oral argument before this court that he would have to confess ineffectiveness in failure to preserve the *Duren* point at the trial level. No reason can be per-

ceived why the *Duren* point should be passed over now, only to be sustained after the unnecessary expenditure of time, money and judicial resources in a 27.26 proceeding.

We are aware that in *State v. Williamson*, 584 S.W.2d 628 (Mo.App.1979), this court refused to apply *Duren* where the defendant did not file a timely motion to quash the jury panel. However, the defendant in that case did not argue for the application of *Duren* on the basis of the plain error doctrine, and no consideration was given to that doctrine by the *Williamson* decision. We are also aware that in *State v. Mountjoy*, 585 S.W.2d 98 (Mo.App. 1979), this court declined to apply *Duren* where the defendant had not raised the issue before the trial court by timely motion to quash the panel, even though the defendant there did ask for this relief under the plain error rule. However, that ruling in *Mountjoy* is to be read in the light of the fact that Mountjoy was tried in February 1977, prior to the Missouri Supreme Court *Duren* decision. Therefore, the application of *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, was still an open question in Missouri at that time. Unlike the situation in the present case, it would not have been a mere gesture empty of meaning for Mountjoy's counsel to have raised properly the constitutional objection. Accordingly, *Mountjoy* does not stand as a barrier to the treatment of the constitutional issue as plain error here. Consistent with so doing is the statement of this court in *Hawkins, supra*, where we held: "The matter pertaining to the *Duren, supra*, question, being one of constitutional nature, may and should be considered by this Court *sua sponte* as plain error under Rule 27.-20(c). [citing cases]."

■ The trial and submission of this case to a jury selected in a manner contrary to *Duren* constituted plain error which requires a reversal of the convictions and remand for new trial.

## II.

■ In his Point Relied Upon III, defendant contends that the trial court should have dismissed the charge of armed criminal action on the ground that said charge set forth in Count III of the information was based on the same facts as those which underlay the charge of robbery in Count I, with the result that the armed criminal action charge in Count III constituted double jeopardy. The state has answered that contention by citing *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977) which was reaffirmed in *State v. Valentine*, 584 S.W.2d 92 (Mo. banc 1979). Unfortunately for the state's position, *Treadway* and *Valentine* were overruled in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980).

Under *Sours*, defendant cannot be convicted of both robbery and armed criminal action. Upon remand, the prosecution shall choose between the two counts and elect upon which to proceed.

## III.

■ Defendant's Point I contends the trial court erred in overruling defendant's motion for acquittal for the reason that the evidence was insufficient to support either robbery or armed criminal action. In reviewing the adequacy of the proof of the underlying charge of robbery, the well settled rule governs that the evidence must be viewed in the light most favorable to the state, the state is entitled to all reasonable inferences from the evidence, and all evidence and inferences to the contrary must be disregarded. *State v. Eldridge*, 564 S.W.2d 603, 604 (Mo.App.1978).

■ The state's evidence showed that on May 26, 1978, defendant entered the News Emporium, an adult book store in Kansas City, Missouri. Defendant expressed an interest in some of the merchandise for sale, and an employee of the store Manthe stepped out from behind the counter in order to better assist defendant in his selection. Defendant at that point threw Manthe into a hammer lock and held a sharp object to his neck, later shown to be a screwdriver. Defendant requested the key to the back room and told Manthe he was going to kill him and rob the store. At

defendant's demand, Manthe opened the store's cash register and placed the money in a paper bag, which he then handed to defendant. Manthe was then able to extricate himself from the hammer lock, drew a pistol which he carried on his person, and fired three shots at defendant before defendant was able to close in and commence a struggle for the gun. Manthe was shot in the leg during this struggle, but managed to flee the store. Defendant also left the store shortly thereafter, carrying the gun. He went down an alley, burrowed into some trash bags, and the gun fell out of his hand. He was arrested by the police at this location and the gun was found under the trash bags. The screwdriver and the sack of money were recovered in the book store.

The foregoing evidence abundantly justified the submission to the jury of the charge of robbery in the first degree.

### IV.

Defendant's Point II is that the screwdriver was not a dangerous and deadly weapon within the meaning of the Armed Criminal Action statute. This point will not be ruled here because it may not recur in view of the holding under part II of this opinion. Neither do defendant's points V and VI need be considered, because they relate to trial matters which are not likely to recur in the same context upon retrial.

The judgment is reversed and the cause is remanded for new trial.

All concur.