**STATE of Missouri, Respondent,**

v.

**Charles S. SMITH, a/k/a Evette Smith, Appellant.**

**No. KCD 30306.**

Missouri Court of Appeals, Western District.

March 3, 1980.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

WASSERSTROM, Chief Judge.

Upon jury trial in June 1978, defendant was convicted of murder in the second degree. He appeals on the sole ground that the jury selection was discriminatory against women in violation of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Defendant did not file a timely motion for new trial and he therefore concedes that this sole point on appeal was not properly preserved for review. He asks, however, that this point be reviewed as plain error under Rule 27.20(c).

That this matter of discrimination against women in jury selection is properly the subject of notice as plain error, see *State v. Williams*, 595 S.W.2d 378 (Mo. App.1980). The state nevertheless argues that the plain error doctrine should not be applied here, because defendant must show that a manifest injustice or a miscarriage of justice has occurred and this he cannot do in view of the fact that the evidence of his guilt is overwhelming. In this connection the state cites *State v. Hurtt*, 509 S.W.2d 14 (Mo.1974).

We can accept the state's view as to the overwhelming nature of the evidence against defendant, but the conclusion which it draws from that premise does not follow. The Missouri Supreme Court has held that plain error may exist even where the evidence of the defendant's guilt is overwhelming. *State v. Escoe*, 548 S.W.2d 568, 571 (Mo.banc 1977). Whether or not plain error exists in a given situation "is not easily discernible. * * * '[P]lain error' is such a highly elusive term that it does not readily lend itself to being succinctly defined or isolated by the use of judicial platitudes." *State v. Moore*, 575 S.W.2d 253, 254 (Mo.App.1978).

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

In evaluating the situation with respect to plain error, special attention should be given to the nature of the error which has occurred. Some errors may be disregarded even though they constitute constitutional deprivations, provided that they "are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Chapman v. State of California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). On the other hand, "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman*, l.c. 23, 87 S.Ct. 827.

The error here with respect to the constitution of the jury was not "unimportant and insignificant," but rather was of the second class of cases mentioned in *Chapman* which is "basic to a fair trial." This is plainly reflected by the opinion in *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697, 42 L.Ed.2d 698 (1975), where in discussing discrimination against women in jury selection, the Supreme Court made reference to the concept that "the requirement of a jury's being chosen from a fair cross section of the community is fundamental to the American system of justice."

We hold that the unconstitutional discrimination against women in the selection of this jury constituted plain error which requires reversal of the conviction and a remand for a new trial.

All concur.