STATE of Missouri, Respondent,

v.

Kenneth L. WATTS, Appellant.

No. KCD 30397.

Missouri Court of Appeals,
Western District.

March 3, 1980.

Mark D. Johnson, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

WASSERSTROM, Chief Judge.

Upon jury trial held in April 1978, defendant was convicted of first degree murder and first degree robbery. He appeals on the grounds that: (1) he was deprived of a representative jury because of a selection which was discriminatory against women in violation of *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); and (2) the closing argument by the prosecutor constituted an improper comment on the defendant's failure to testify.

The state seeks to distinguish *Duren, supra,* on the grounds that: (1) defendant introduced no evidence as to the discriminatory effect of the female expulsion; (2) although defendant filed a motion to quash the jury panel, he did not press for a ruling on that motion and no ruling was ever made; and (3) the defendant did not complain of this matter in his motion for new trial. In view of these procedural defects, the Attorney General argues in his brief that "appellant, in effect, raises this issue in his brief for the very first time."

Even if the Attorney General's quoted conclusion be accepted, even so defendant is not barred from relief under the plain error doctrine. *State v. Williams,* 595 S.W.2d 378 (Mo.App.1980). In addition it should be noted that it was not necessary for defendant to introduce evidence as to the discriminatory effect. *State v. Hawkins,* 582 S.W.2d 333 (Mo.App.1979); *State v. Donahue,* 585 S.W.2d 160 (Mo.App.1979); *State v. Beavers,* 591 S.W.2d 215 (Mo.App. 1979); *Duren v. Missouri, supra.* Nor was it necessary for defendant to press the trial court for a ruling on his motion to quash. *State v. Williams, supra.*

The trial here occurred between the dates of the Missouri Supreme Court decision and that by the United States Supreme Court in *Duren v. Missouri, supra.* The submission of this case to a jury selected in an unconstitutional manner constituted plain error requiring a reversal, despite noncompliance with the usual procedural requirements ordinarily necessary. *State v. Williams, supra.*

The point concerning the prosecutor's closing jury argument need not be discussed, since it is unlikely to recur in the same context on retrial.

The judgment of conviction is reversed and the case is remanded for a new trial.

All concur.