**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard T. PHILLIPS,
Defendant-Appellant.**

No. 40924.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 1980.

Gary Wagner, Colson & Wagner, James G. Freer, Farmington, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Richard Phillips, appeals from his conviction by a jury of Robbery in the First Degree by means of a Dangerous and Deadly Weapon contrary to § 560.120, RSMo 1969 and § 560.135, RSMo Supp.1975. He was sentenced to thirty-five years imprisonment.

On the evening of October 16, 1977, the Mason Zephyr Station at Bonne Terre, St. Francois County, was robbed of $131.22. At the trial of defendant, Timothy Edgar, an attendant at the Zephyr station, testified that on the night of the robbery a man wearing a blue jean jacket and with a two week growth of beard, entered the service station carrying a sawed-off shotgun and demanded cash. Edgar, on duty alone at the station, had a full-faced view of the man under fluorescent light for approximately five minutes, at a distance of about two feet, while he filled a brown paper bag with paper money and change from the cash register. After Edgar handed the bag of money to the holdup man, he ran from the office and fled the station in a 1963 or 1964 brown Chevrolet driven by another person.

John Wright, a part-time cab driver, testified at Phillips' trial that on the night of the robbery he saw a man carrying a shotgun run out of the Zephyr station. Wright had a full-faced view of the man in good light, at six to ten feet for twenty to thirty seconds. Wright testified that the man was bearded, but it was not a full beard. The man climbed into the passenger side of the 1965 Chevrolet and was driven away.

Gary Mueller, on duty as a Highway Patrol Trooper on October 16, 1977, was driving northbound on U.S. Highway 67 when he heard a radio transmission that an armed robbery had occurred. Mueller turned his vehicle onto Old U.S. 67, and as he was driving south, he spotted two pedestrians walking north alongside the highway. When Mueller approached the pedestrians, one of them, bearded and wearing a jacket, ran into the nearby woods. Mueller apprehended the other pedestrian, a Mr. Williams. Two tenths of a mile south of where Williams was apprehended, Mueller found an abandoned 1964 Chevrolet. The vehicle was dusted for fingerprints without any results.

Several hours after the robbery both Edgar and Wright were summoned to the police station. Detective Wilkinson showed Edgar and Wright a photograph of the defendant without a beard and asked if either witness could identify the man. Neither Edgar nor Wright identified the man in the photograph. With a pencil, Wilkinson added a beard onto defendant's photograph, and asked Edgar and Wright if either could now identify the man. Edgar positively identified the man in the photograph as the man who robbed the Zephyr station earlier that morning. Wright remained uncertain about the photograph.

The day after the robbery, Detective Wilkinson returned to the point of Williams' apprehension and found a brown paper bag with a nickel inside it. That same day defendant was arrested in a tavern. He was fully bearded, and had $124.00 in his possession. A complaint was filed charging defendant with armed robbery.

Witnesses Edgar and Wright conferred together in the hall immediately preceding defendant's preliminary hearing, and both witnesses positively identified defendant as the holdup man at the preliminary hearing, on December 30, 1977. Neither Edgar nor Wright had seen Phillips between the date of the robbery and the date of the preliminary hearing.

A Motion to Suppress the identification testimony of witnesses Wright and Edgar was overruled.

Defendant's first point on appeal is that when the officer pencilled a beard onto a photograph of defendant the resulting identification was impermissibly suggestive and caused witnesses Edgar and Wright to misidentify the defendant at trial. Defendant contends that the trial court's decision denying the Motion to Suppress the in-court identification testimony is reversible error entitling him to a new trial.

In *Simmons v. U. S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court stated that an eyewitness identification at trial following a pretrial identification by photograph will violate a defendant's right to due process only if the photographic identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable

misidentification. *State v. Rutledge*, 524 S.W.2d 449, 455 (Mo.App.1975). Consistent with this decision, the Missouri rule is that where a positive courtroom identification is made upon a factual basis independent from a suggestive photographic or lineup procedure, the identification testimony is admissible. *State v. Harris*, 571 S.W.2d 443, 445 (Mo.App.1978); *State v. Little*, 572 S.W.2d 871, 873 (Mo.App.1978); *State v. Rutledge, supra,* at 456.

Witness Edgar stood two feet from the holdup man for approximately five minutes under fluorescent lighting. Edgar related in detail the conversation and interactions that occurred in the station. Witness Wright had a full-faced view of the holdup man for twenty to thirty seconds at a distance of six to ten feet. At trial, nine months after the robbery, both Edgar and Wright, without hesitation, positively identified Phillips as the holdup man.

The ample opportunity of both Edgar and Wright to observe the defendant during and immediately after the robbery convinces us that the trial court did not err in finding that the witnesses in-court identification was based on a source independent of the stationhouse identification. Therefore, the pencilling of a beard upon Phillips' photograph did not so impermissibly suggest to witnesses Edgar and Wright that Phillips committed the crime that it rendered their courtroom identifications unreliable. Defendant's Motion to Suppress the courtroom identification testimony was properly overruled.

Point one is ruled against the defendant.

Defendant's second point, which he asserts for the first time on appeal, is that he was denied due process of law because the jury selection process systematically excluded women from the jury and the jury did not reflect a geographical cross-section of the community.

Defendant failed to make a Motion to Quash the jury venire at trial and failed to raise either of these two allegations in his Motion for New Trial. Defendant, contending that these procedural defects are salvaged by the plain error rule, has attached exhibits onto his brief that contain facts not to be found in the transcript, and alleges that these exhibits establish grounds for a new trial, or in the alternative, grounds for this court to order an evidentiary hearing to be conducted in order that appellant may develop his evidence.[1]

The Supreme Court has directed that the jury venire requirements established in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), be applied retroactively to any defendant whose trial occurred after *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).[2] Missouri courts are required to review allegations of due process violations concerning jury panel selection processes held unconstitutional in *Duren v. Missouri, supra,* but only if there is evidence in the transcript that the objection to the jury venire was timely. *Lee v. Missouri*, 439 U.S. 461, 462, 99 S.Ct. 710, 711, 58 L.Ed.2d 736 (1979); *State v. Mountjoy*, 585 S.W.2d 98, 102 (Mo.App.1979); *State v. Williamson*, 584 S.W.2d 628, 630 (Mo.App.1979). An attack upon a venire on due process grounds of underrepresentation of a distinctive group of the community cannot be presented for the first time in a brief upon appeal where no timely motion to quash the jury panel was filed. *State v. Beavers*, 591 S.W.2d 215 (Mo.App.1979). See, *State v. Williamson, supra.* Appellant Phillips' allegations of due process violations were not timely made and do not warrant our consideration.

1. The exhibits appellant attached to his brief cannot, however, be considered. The appellate court is limited to consideration of the evidence in the transcript. Exhibits attached to a brief may not be used to assert facts on appeal. *State v. Atkins*, 549 S.W.2d 927, 930–931 (Mo.App.1977). Consideration of facts not in the record involves unacceptable judicial conjecture. *State v. Hatten*, 561 S.W.2d 706, 713 (Mo.App.1978).

2. *Taylor v. Louisiana, supra*, held that systematic exclusion of women during the jury selection process violates a defendant's constitutional right to a fair cross-section of the community from which to have his jury selected.

*State v. Thomas*, 596 S.W.2d 409 (Mo., 1980).

In any event, there is no evidence in the transcript that a partial or unfair jury was empanelled. Where no error has been demonstrated on appeal, an appellate court will not reverse and remand for the purpose of exploring the possibility that the venire was not properly constituted. *State v. Brownridge*, 459 S.W.2d 317, 319 (Mo.1970).

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.