**STATE of Missouri, Respondent,**

v.

**Leonard DONAHUE, Appellant.**

**No. KCD 30540.**

Missouri Court of Appeals, Western District.

May 5, 1980.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and TURNAGE, JJ.

WASSERSTROM, Chief Judge.

Defendant was convicted following jury trial of robbery first degree, armed criminal action and assault with intent to kill without malice aforethought. Punishment was assessed by the court pursuant to the second offender act of 25 years on the robbery count and five years on each of the other two counts, sentences to run concurrently. Defendant appeals, alleging two errors as follows: (1) the judgment imposed sentence on Count III for assault with intent to kill "with malice," although the jury verdict found defendant guilty under Count III for assault to kill "without malice;" and (2) the trial court erred in not quashing the jury panel for the reason that women had been allowed an automatic exemption from jury service.

Reversal and remand of this case is required because of the second point just

mentioned. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Even if the state be correct in its contention that defendant did not offer at this trial competent or relevant evidence as to systematic exclusion of women from the 1978 jury wheel, such lack of independent evidence would not stand in the way of reversal. *State v. Beavers*, 591 S.W.2d 215 (Mo. App.1979).

In view of this ruling, no discussion is required of defendant's Point I inasmuch as the variance between the judgment and the jury verdict is unlikely to recur on retrial. On retrial, the court and counsel undoubtedly will consider also the implications of *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) and *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980), with respect to the charge in Count II relating to armed criminal action.

All concur.