Willie STAMPS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42185.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

William J. Shaw, Public Defender, Robert A. Cosentino, Asst. Public Defender, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew Kollias, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing.

Movant was convicted of rape in a jury trial in 1975 in St. Louis County, Missouri. At that trial, movant made no motion to quash the jury venire nor did he raise the issue of systematic exclusion of women on the jury panel. Any alleged error to the venire was lost by his failure to timely object to the jury panel at trial. *State v. Phillips*, 596 S.W.2d 752, 755 (Mo. App.1980). His conviction was affirmed on appeal. *State v. Stamps*, 569 S.W.2d 762 (Mo.App.1978).

Movant cites *State v. Williams*, 595 S.W.2d 378, 379 (Mo.App.1980); *State v. Smith*, 595 S.W.2d 764 (Mo.App.1980) and *State v. Watts*, 595 S.W.2d 766 (Mo.App. 1980) for the proposition that the *Duren*

issue is plain error and his allegation of an unfair jury panel should now be reviewed. However, those cases are peculiarly applicable to the Kansas City, Missouri area where the *Duren* case was applicable by reason of systematic exclusion of women jurors therein. We know of no case showing a systematic exclusion of women jurors in the St. Louis, Missouri area.

■ On this appeal, movant alleges that women were systematically excluded from his jury panel. in that only 27.9 percent thereof were women, and during the three month period immediately prior to movant's trial, at least 36.8 percent of those appearing for jury service were women. His motion does not show that an unfair jury was empaneled under *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

■ Movant's second point on appeal is in the converse, if, there was a failure to timely object to the jury venire then he was denied effective assistance of counsel. His factual allegations do not show an unfair jury was empaneled pursuant to *Duren, supra.* The standard in Missouri, at the time of movant's trial, was that to establish ineffective assistance of counsel, there had to have been such failure on the part of the attorney that the defendant did not receive a fair trial.[1] *Boyer v. State*, 527 S.W.2d 432 (Mo.App.1975). The failure to show that he received an unfair trial negates the charge of ineffective assistance of counsel.

DOWD, P. J., and REINHARD, J., concur.

---

1. The standard has recently been changed as set out in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).