STATE of Missouri, Respondent,

v.

Steven WATTS, Appellant.

No. WD31157.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Clifford A. Cohen, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

WASSERSTROM, Chief Judge.

Defendant appeals from a conviction by jury of six counts of robbery in the first degree. His sole point on appeal is that the jury selection was discriminatory against women in violation of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The difficulty with defendant's position is that he did not raise this objection in timely fashion by motion to quash the jury panel. He seeks to avoid that problem by reliance on opinions of this court, especially *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980), which have excused procedural defects and have considered discrimination against women in jury selection as plain error.

*Williams* and like cases recognized a special exception to the rule requiring timely objection to the jury panel, applicable only to those cases tried between September 27, 1977 (the date of the Missouri Supreme Court *Duren* opinion) and January 9, 1979 (the date of the United States Supreme Court *Duren* opinion). The present case does not fall within that time span since the trial here occurred on June 6 and 7, 1977. The *Williams* exception therefore does not aid this defendant.

Defendant asks that we expand the exception mentioned to cover the present situation, pointing out that he did raise the *Duren* objection in the trial court in a motion for new trial. That objection came too late. Expansion of the *Williams* exception to this case would lack any logical foundation, and we decline to do so.

Affirmed.

All concur.