---

Lee M. Nation, Nation & Curley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged as a second offender under a multicount information with Robbery, First Degree (Section 560.120, RSMo 1969), and Armed Criminal Action (Section 559.225, Mo.Supp.1976). A jury found defendant guilty of both charges and the trial court sentenced him to ten years imprisonment on the robbery charge and five years imprisonment on the armed criminal action charge, said sentences to run concurrently.

Two points of error are raised by defendant on appeal: (1) the composition of the jury panel from which the petit jury which tried him was selected was constitutionally infirm under *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); and (2) certain demonstrative evidence offered by the state, to–wit, a .38 caliber Smith and Wesson revolver, was improperly admitted.

**STATE of Missouri, Respondent,**

v.

**George L. McGILL, Appellant.**

**No. WD 30678.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Admittedly, defendant seeks appellate review of his first point by way of "plain error" under the auspices of Rule 29.12(b) as the record on appeal, contrary to certain assertions contained in defendant's brief, fails to disclose that composition of the jury panel was raised at the trial court level.

The petit jury which tried and found defendant guilty was selected and sworn on August 22, 1978, a date falling within the interim bounded by *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), *cert. granted* 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387, *rev'd* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), and *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Any previous doubt as to whether defendant's first point should be entertained as "plain error" has been laid to rest by *State v. Johnson*, 606 S.W.2d 624 (Mo. banc 1980) which approved and adopted the logic enunciated in *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980). *State v. Johnson, supra,* is dispositive of defendant's first point and mandates reversal and remand for a new trial.

Defendant's remaining point will not be addressed since it is unnecessary to do so to dispose of this appeal and it is uncertain whether the matter posited therein will occur on retrial. It is assumed that the parties are aware of and on remand will heed *Sours v. State*, 605 S.W.2d 592 (Mo.banc 1980), with respect to the armed criminal action count.

Judgment reversed and cause remanded.

All concur.