STATE of Missouri, Respondent,

v.

Daniel HAYWOOD, Appellant.

No. WD 30294.

Missouri Court of Appeals,
Western District.

Nov. 4, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Donna Bowles, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Daniel Haywood was found guilty by a jury of stealing property with a value of at least $50 and sentenced to two years in prison.

The decisive issue raised on this appeal is the failure of the jury to have been selected from a fair cross section of the community in violation of the Sixth and Fourteenth Amendments of the United States Constitution. The method of jury selection in Jackson County was found to be unconstitutional in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Although Haywood did not raise this point in the trial court and raises it for the first time in this court as plain error, such procedure is permissible under *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980) and *State v. Johnson*, 606 S.W.2d 624, (Mo. banc 1980), because the jury in this case was selected and impaneled on May 1, 1978.

For the reasons fully set out in *Williams* and *Johnson*, the judgment is reversed and the cause is remanded for a new trial. The other points raised need not arise on re-trial and in any event the parties are advised of those matters and may govern themselves accordingly on a new trial.

The judgment is reversed and the cause remanded.

SHANGLER, J., concurs.

MANFORD, J., concurs in result in separate concurring opinion.

MANFORD, Judge, concurring.

I concur in the result of the majority opinion solely upon the basis that *State v. Johnson*, 606 S.W.2d 624 (Mo. banc 1980) compels such conclusion. It is the most recent decision of the Missouri Supreme Court concerning the rule announced in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

If the question were for this court to decide, it would be my belief that a contrary result should be achieved based upon the reasoning and authority set forth in the dissenting opinion by Bardgett, C. J., *State v. Johnson, supra.*