**STATE of Missouri, Respondent,**

v.

**Monte Ray DENMON, Appellant.**

**No. KCD 30509.**

Missouri Court of Appeals, Western District.

March 3, 1980.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

WASSERSTROM, Chief Judge.

Defendant was convicted by jury on June 17, 1978, of two counts of murder in the first degree, one count of manslaughter, and one count of assault with intent to kill with malice aforethought. Although defendant was sentenced to three life terms, jurisdiction lies in this court because the notice of appeal was filed prior to January 2, 1979.

Defendant's first point is that the manner of the jury selection was an unconstitutional discrimination against women in deprivation of his right to a jury composed of a representative cross section of society as decided in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). This question has been before this court on numerous occasions recently. *State v. Hawkins,* 582 S.W.2d 333 (Mo.App.1979); *State v. Donahue,* 585 S.W.2d 160 (Mo.App. 1979); *State v. Beavers,* 591 S.W.2d 215 (Mo.App.1979). In each of these cases the court has ruled in favor of the defendant notwithstanding the Attorney General's insistence that the evidence in the case was inadequate to condemn the 1978 selection. In this case, we remain of the same opinion and adhere to the view stated in the cases cited.

Defendant's second point on appeal concerns the question of whether a witness, Essie Price, should have been permitted to testify before the jury when the prosecution was told in advance that the witness would invoke the Fifth Amendment. Since the date of trial, the Supreme Court of Missouri considered this problem in *State v. Wright,* 582 S.W.2d 275 (Mo.banc 1979). The *Wright* opinion discussed at length the applicable principles and then observed: "It would seem obvious that this problem does not lend itself to solution by any hard and fast rule. It is a matter that requires the exercise of sound judgment giving due consideration to the facts and circumstances prevailing at the time the question arises." We cannot add anything of value to what has already been said in *Wright.* A definitive answer to whether the prosecution should be permitted to put Price on the witness stand before the jury upon retrial must await the circumstances existing at that time.

The judgment is reversed and the cause remanded for new trial.

All concur.