**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Frank BUSKUEHL, Defendant-Appellant.**

**No. 42015.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 10, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Ted Guberman, Public Defender, Hillsboro, Josep S. Sanchez, Festus, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, M. E. Williams, Pros. Atty., Hillsboro, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of assault in the first degree, a § 565.050, RSMo 1978 violation, and sentenced to ten years imprisonment. His appeal presents two points of alleged error: (1) allowing the state to call a witness who would assert the fifth amendment as a basis for refusing to answer questions, thereby raising an inference of guilt against defendant; (2) failing to instruct on the lesser or included offenses of second and third degree assault. We affirm.

The victim, Mike Willy, and defendant were involved in two verbal and fisticuff altercations in Arnold, Missouri bars on the day of the offense leading to defendant's conviction. There was substantial evidence at trial that after the second encounter, defendant drew forth a pistol and fired twice at Willy as he sped from the scene in his pickup truck accompanied by his girl friend. Two bullets fired from the gun bearing defendant's thumbprint were removed from the cab of Willy's truck. One was found embedded in the passenger's door side; the other was lodged in the stereo speaker, having passed through the back side of the cab. Defendant's defense was that he had not possessed or fired a gun at anyone.

Part of the state's case was that defendant had obtained the gun from a friend, John Boughan. After the shooting defendant returned the gun to Boughan, who placed it in the trunk of his auto where police found it. Defendant, as well as the state, subpoenaed Boughan as a witness, but both knew that he would assert his fifth amendment right not to testify.

Defendant relies on *State v. Wright*, 582 S.W.2d 275, 281–83 (Mo.banc 1979), urging that any deliberate and flagrant attempt by the state to build its case from inferences arising from a witness asserting testimonial privilege is prejudicially unfair. In this case, at the trial court's suggestion, the state was willing to waive examination of Boughan, but defendant's counsel was not, stating to the trial court that such a waiver would deny him opportunity to make adverse inference from the state's failure to call the witness. The trial court then required both the state and defendant to submit a list of questions for its review that each would ask Boughan. Certain questions were struck, and the state in direct examination conducted a very brief interrogation. Defendant then cross-examined. Boughan asserted his fifth amendment privilege to each question.

■ *State v. Wright*, 582 S.W.2d at 282, and more recently, *State v. Hustead*, 615 S.W.2d 556, 559 (Mo.App.1981), and *State v. Denmon*, 595 S.W.2d 769, 770 (Mo.App. 1980), recognize that determining whether a witness should be permitted to testify knowing that the fifth amendment privilege would be asserted rests in the substantial discretion of the trial court. We find absolutely no abuse of the trial court's discretion in its careful handling of the situation in this case. The questions posed by the state did not infer guilt nor seek to take advantage of Boughan's silence, particularly in view of the overwhelming evidence of defendant's guilt from disinterested witnesses.

■ Defendant's second point of alleged error concerns the failure to instruct on the lesser or included offenses of second and third degree assault. The record clearly establishes that the trial court afforded defendant the opportunity to submit such instructions, but the offer was not accepted.[1]

■ Defendant does not challenge that there was substantial evidence to support

---

1. THE COURT: Now, then, anybody desire to make any comment upon the offering of the lesser included offenses?
   MR. KEHM [Prosecuting attorney]: State makes no offer, Your Honor.
   THE COURT: Does the Defendant desire to offer any instructions regarding lesser included offenses at this time?
   MR. GUBERMAN [defendant's attorney]: Defendant makes no comment whatever about lesser included offenses at this time.
   THE COURT: I take it you are not offering any lesser included offenses?
   MR. GUBERMAN: That is a fact.

the first degree assault instruction. Thus, MAI–CR 19.02—assault in the first degree—was properly given.

It matters not whether refusing the opportunity to offer instructions on second and third degree assaults was part of defendant's counsel's strategy for trial.[2] The fact is that no objection was made to the instructions—or lack of them—and the motion for new trial states no specific objection to instructional error as required. *State v. Sanders*, 541 S.W.2d 530, 532 (Mo. banc 1976); *State v. Murry*, 580 S.W.2d 555, 556 (Mo.App.1979). Neither have the suggested instructions for second and third degree assault been set forth in the brief. Thus, this issue has not been preserved for review. *State v. Mays*, 598 S.W.2d 613, 616 (Mo.App.1980), and *State v. Smith*, 607 S.W.2d 824 (Mo.App.1980). It has, in fact, been waived and need not be considered. *State v. Larabee*, 563 S.W.2d 154, 156 (Mo. App.1978).

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.

---

**2.** A defendant may not complain of prejudice when the court has conducted the trial in harmony with his apparent strategy and intent of seeking no more than one single instruction, *e.g.*, on first degree assault. If the procedure follows that concurred in by defendant no prejudicial error occurs thereby. *State v. Young*, 610 S.W.2d 8, 13 (Mo.App.1980); *State v. Mays*, 598 S.W.2d at 617.