STATE of Missouri, Respondent,

v.

**William BRISCO, Appellant.**

**No. WD 51803.**

Missouri Court of Appeals,
Western District.

Nov. 26, 1996.

James Derting, Walnut, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

A jury found William Brisco guilty of passing bad checks. On appeal, he challenges the circuit court's refusal of his proposed instruction. We affirm.

In May 1994, James Burch began doing business as Linwood Square Auto Parts in Kansas City. That same month, he began selling auto parts to William Brisco, who operated a local tire and auto service center. Between May and July 1994, Burch sold Brisco $5510 worth of car parts for which Brisco gave Burch a check for $2500, leaving $3010 still owing. On August 16, 1994, Brisco gave Burch a check for $3000 which the bank returned because Brisco had insufficient funds in his account to pay the check.

When Burch notified Brisco that the $3000 check had "bounced," Brisco responded that someone had made a mistake and that he would make the check good. Because of this assurance, Burch continued selling Brisco auto parts.

On August 25, 1994, Brisco gave Burch a check for $2500. The bank also returned this check because of insufficient funds in Brisco's account. When Burch told Brisco that the August 25 check had bounced, Brisco promised to make the check good.

On September 8, 1994, Brisco gave Burch a check for $3500. Burch called the bank before attempting to deposit the check, and bank personnel told him that Brisco did not have sufficient funds in his account to cover it. Burch returned the check to Brisco who told him that another mistake had been made and that he would take care of the matter.

Two days later, Brisco gave Burch a check for $2000. When Burch called the bank to make sure the check was good, bank personnel told him that Brisco had insufficient funds in his account to cover it. Burch returned the check to Brisco who again promised to make the check good.

On September 12, 1994, Brisco gave Burch a cashier's check for $3000. Although this check was good, Brisco still owed Burch $13,913.99. Burch stopped selling car parts to Brisco.

In November 1994, Brisco gave Burch two $750 checks. The bank returned both because Brisco had insufficient funds in his account to pay them.

Burch complained to the prosecuting attorney who charged Brisco with six counts of passing bad checks in violation of § 570.120, RSMo 1994. A jury found Brisco guilty as charged in August 1995, and the circuit court sentenced him to three months in jail on each count, to run concurrently. It also ordered Brisco to pay a $12,000 fine. Brisco appeals.

■ Brisco contends that the circuit court erred in refusing to submit his proposed Instruction No. A regarding a "hold check agreement" he purportedly had with Burch. He claims the circuit court should have submitted the instruction because he presented evidence that he did not intend to defraud Burch when he gave him the checks and that Burch had agreed to hold the checks until a later date.

Brisco did not preserve this issue for our review. He did not make a specific objection to the circuit court's rejection of his instruction as required by Rule 28.03.[1] At the

---

1. The amended version of Rule 28.03, effective on July 1, 1995, says, "Counsel shall make specific objections to instructions or verdict forms considered erroneous. *No party may assign as error the giving or failure to give instructions or* verdict forms *unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.* Counsel need not repeat objections already made on the record prior to deliv-

instruction conference, the circuit court announced it was refusing Brisco's proffered instruction and asked Brisco whether he had any more specific objections. Brisco answered, "No." Although Brisco raised this matter in his motion for new trial, he did not make a specific objection to the circuit court's refusing his proposed instruction before the jury retired to deliberate as required by Rule 28.03.

■ Because Brisco did not properly preserve this issue, we can review it, if at all, only as plain error under Rule 30.20. *State v. Berry*, 916 S.W.2d 389, 395 (Mo.App.1996). "[U]nless a claim of plain error *facially* establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc)(quoting Rule 30.20), *cert. denied,* ─── U.S. ───, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995)(emphasis added). We decline plain error review in this case because Brisco does not present such a claim.

■ We decline to address Brisco's assertion that the trial court should have sustained his motion for a judgment of acquittal at the end of the state's evidence. This claim was not set forth in his point relied on and was, therefore, not preserved for appellate review. *State v. Hill,* 866 S.W.2d 160, 165 (Mo.App. 1993).

SMART, P.J., and ELLIS, J., concur.

ery of the instructions and verdict forms. The objections must also be raised in the motion for new trial in accordance with Rule 29.11." (We added the emphasis.)