**STATE of Missouri, Respondent,**

v.

**Larry McCOY, Appellant.**

**No. WD 54353.**

Missouri Court of Appeals,
Western District.

June 30, 1998.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

On August 16, 1996, decedent Richard Corriston, Shawn Nichols, and Corriston's girlfriend, 17 or 18–year–old April Gann, went to the Downstream Bar and Grill in Rich Hill, Missouri. Corriston and Nichols went into the bar to eat and drink while leaving April Gann in the truck. Christie Gann, April's sister, was in the bar and learned that Corriston had left April in the truck. After going outside to talk with April, Christie came back inside and repeatedly cursed Corrigan for leaving April in the truck. Appellant Larry McCoy, Christie's boyfriend, soon joined the argument, and, as the dispute escalated, Corriston suggested that they "take it outside." Once outside, Corriston drew a knife and chased Appellant around the parking lot. The men wrestled, and some witnesses stated that Corriston tried to stab Appellant. Appellant went back into the bar as April, Christie, Corriston, and others continued to argue.

A few minutes before midnight, the bartender, Terry Cox, went outside to disperse the crowd, and he told Corriston to leave and never come back to the Downstream. Corriston pushed Cox down on the sidewalk and attempted to stab him. Ronald Miller, the Downstream's cook who had gone outside to help with the trouble, yelled to a waitress to call 911 because Corriston was stabbing Cox. Corriston, in fact, did not stab Cox and did not inflict any major injuries to anyone during the entire altercation. Miller convinced Corriston to back off and lower his knife. Corriston threatened to get his gun from his truck and kill them all. A bystander handed a pool cue to Cox, and he struck Corriston in the head as he reached his truck, but Corriston, undeterred, retrieved a tire iron.

Meanwhile sisters April and Christie Gann were fighting near Corriston's truck, and Ronald Miller was attempting to separate them. Corriston swung the tire iron at Christie. At this point, a bystander yelled into the bar that Corriston had stabbed Cox and had a gun. Appellant also heard someone say that Corriston was trying to stab Christie. Appellant went outside and saw Christie and saw that she had not been harmed, but Appellant was "scared for her" and for Cox. Appellant testified that he also thought that Corriston had a gun, so he went to his pick-up to get his rifle. Nancy Gilkey, Ronnie Gilkey's wife, realized that Appellant was getting a gun and tried to prevent him from loading his weapon and then jumped on his back. Appellant yelled, "He is stabbing him and he is killing him." Gilkey told Appellant that Corriston was bluffing, then grabbed Appellant, but Appellant pulled away and walked to the back of his truck. Appellant carried the rifle in his left hand, as his right arm had been injured in the earlier fight. Appellant pointed the rifle at Corriston and shot him in the head, killing him.

An excited bar patron grabbed the gun from Appellant's hands, ran two blocks, and hid the gun in the nose of a grain trailer. Appellant ran back into the bar and exclaimed, "I shot him! I shot him! ... He deserved it. Right?" Appellant had a shot of tequila, then started to pace, muttering, "We got to get rid of the bullets, the evidence."

The State charged Appellant with first degree murder and armed criminal action by information filed October 21, 1996. The trial commenced April 8, 1997, before the Honorable William J. Roberts after a change of venue. The jury was instructed on armed criminal action, first degree murder, second degree murder, involuntary manslaughter, and the special negative defenses of self-defense and defense of others. On April 10, 1997, the jury returned a verdict convicting Appellant of second degree murder and armed criminal action. Appellant was sentenced as a persistent offender to concurrent terms of twenty years.

On May 13, 1997, notice of appeal was filed. The sole issue on appeal is whether the trial court plainly erred when it failed *sua sponte* to instruct the jury on the de-

fense of sudden passion arising from adequate provocation.

## Rule 28.03

■ Appellant did not object to the instructions given at trial. However, he contends that, "where the evidence warrants, an instruction on conventional second degree murder must submit, as an element of the offense, a finding that the defendant did not act under the influence of sudden passion arising from adequate cause."

MAI–CR3d 313.04, Notes on Use (4) reads:

A homicide which would be murder in the second degree—conventional is voluntary manslaughter if committed under the influence of sudden passion arising from adequate cause. Section 565.023.1(1), RSMo 1986. The burden of injecting this issue is on the defendant. If there is evidence supporting sudden passion from adequate cause, paragraph (Third) must be given. Further, an instruction on voluntary manslaughter, MAI–CR3d 313.08, shall be given upon request of a party or on the Court's own motion.

Appellant claims that by not modifying the instructions *sua sponte* to include a sudden passion instruction, the trial court committed reversible error.

In Appellant's trial, the second degree murder verdict director submitted to the jury reads as follows:

As to Count I, if you do not find the defendant guilty of murder in the first degree, as submitted in Instruction No. 8, you must consider whether he is guilty of murder in the second degree under this instruction.

If you find and believe beyond a reasonable doubt:

First, that on or about August 16, 1996, in the County of Bates, State of Missouri, the defendant caused the death of Richard Corriston by shooting him, and

Second, that defendant was aware that his conduct was practically certain to cause the death of Richard Corriston, and

Third, that defendant did not act in lawful self-defense as submitted in Instruction No. 11, and

Fourth, that defendant did not act in lawful self-defense of another person as submitted in Instruction No. 12,

then you will find the defendant guilty under Count I of murder in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the second degree.

Appellant contends that the trial court *sua sponte* should have added the following optional paragraph to the above instructions:

(and)(Third, that defendant did not do so under the influence of sudden passion from adequate cause,)

Appellant has waived this claim. Missouri Supreme Court Rule 28.03 provides:

Counsel shall make specific objections to instructions or verdict forms considered erroneous. *No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider the verdict, stating distinctly the matter objected to and the grounds of the objection.* Counsel need not repeat objections already made on the record prior to delivery of the instructions and verdict forms. The objections must also be raised in the motion for new trial in accordance with Rule 29.11. (Emphasis added). *See also, State v. Martindale,* 945 S.W.2d 669, 673 (Mo.App.1997).

Because defense counsel did not object to the "failure to give" the sudden passion instruction at trial, Appellant may not "assign as error" the failure to give the instruction.

Rule 28.03 is clear on this issue. We must conclude that, absent plain error, Appellant has waived his claim of error regarding the failure to give the sudden passion instruction.

## Plain Error

■ Our review is limited, if at all, to plain error.[1] *State v. Brisco,* 934 S.W.2d 335,

1. Respondent argues that, under Rule 28.03, Ap-   pellant waived not only his right to "assign as

337 (Mo.App.1996). Plain error review of instructional error is warranted where an error so substantially affects the rights of an accused that manifest injustice results if it is left uncorrected. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991); Rule 30.20. For instructional error to rise to the level of plain error, the trial court must have misdirected or failed to instruct the jury so that it is apparent that the instructional error affected the jury's verdict. *State v. Doolittle*, 896 S.W.2d 27, 29 (Mo. banc 1995). Appellant bears the burden of establishing manifest injustice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991).

■ We cannot say that Appellant has suffered manifest injustice in this case. The jury was instructed on armed criminal action, first degree murder, second degree murder, involuntary manslaughter, and the special negative defenses of self-defense and defense of others. Frequently, defense counsel will decide whether or not to submit jury instructions for strategic reasons. The strategy for not submitting a sudden passion or a voluntary manslaughter instruction, even if the evidence would warrant such submission, is left to the judgment of the parties. Thus, a defendant may not complain of prejudice when the court has conducted the trial in harmony with his apparent strategy and intent in not seeking an instruction. *See, e.g., State v. Buskuehl*, 626 S.W.2d 651, 653 n. 2 (Mo.App.1981).

■ In addition, we are unable to discern any evidence in the record to support the contention that Appellant was acting out of sudden passion. "Sudden passion" means "passion caused by and arising out of provocation by the victim ... which ... arises at the time of the offense and is not solely the result of former provocation." Section 565.002(7) RSMo 1994. "Adequate cause" means "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-

control." Section 565.002(1) RSMo 1994. For adequate cause to exist, a sudden, unexpected encounter or provocation must excite an uncontrolled passion, be it rage, anger, or terror. *State v. Boyd*, 913 S.W.2d 838, 843 (Mo.App.1995). The offense must have been done in a sudden passion and not after there has been a time to cool. *Id.*

In this case, the brawl, involving a number of individuals, went on for some twenty or thirty minutes, and Appellant even left the fight and returned to the bar for a time before rejoining the fray. Appellant stated that he was concerned that people were being hurt by Corriston. However, Appellant could see that his girlfriend had not been hurt, and although he heard that Cox had been stabbed, he made no attempt to verify that assertion. Appellant purposely went to his pick-up to get his rifle. Nancy Gilkey realized that Appellant was getting a gun and tried to prevent him from loading his weapon, but he did so despite her efforts. Gilkey told Appellant that Corriston was bluffing, then grabbed Appellant to prevent him from shooting Corriston. Appellant pulled away, moved to the back of his pick-up with rifle in hand, pointed the rifle at Corriston and shot him in the head, killing him. Appellant had adequate time to cool in the period when he ran to his truck, retrieved his weapon and bullets, loaded his weapon, exited his pick-up, and shot Corriston. Further, Nancy Gilkey's remonstrations that Corriston was bluffing and her efforts to prevent Appellant from loading his gun and confronting Corriston show that this was not sudden passion. This case cannot be characterized as a sudden, unexpected confrontation that excited a sudden passion arising from adequate cause. The facts do not support a "sudden passion" instruction.

The trial court did not err in failing to instruct the jury *sua sponte* on sudden passion, because the evidence did not warrant

---

error" the failure to give the instruction on sudden passion, but also waived his right to claim plain error, citing *State v. Martindale*, 945 S.W.2d 669 (Mo.App.1997), and *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982). Appellant counters that although the Eastern District of

this court has so held, the Western District has not. *State v. Brisco*, 934 S.W.2d 335 (Mo.App. 1996). In this case, plain error analysis does not change the result. Therefore, we decline to decide whether waiver under Rule 28.03 is also a waiver of plain error review.

such an instruction.  Therefore, Appellant suffered no manifest injustice.

For the foregoing reasons, the decision of the trial court is affirmed.

ELLIS, P.J. and LOWENSTEIN, J., concur.