**STATE of Missouri, Respondent,**

**v.**

**Damon D. MARLEY, Appellant.**

**No. WD 68150.**

Missouri Court of Appeals, Western District.

July 8, 2008.

Frederick Joseph Ernst, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Jamie Pamela Rasmussen, Office of Attorney General, Jefferson City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Damon D. Marley ("Marley") appeals his convictions of one count of statutory rape in the first degree, section 566.032,[1] and one count of child molestation in the second degree, section 566.068. He argues in his first two points that the State presented insufficient evidence to convict him under either count because of the inconsistencies and contradictions in the victim's testimony. In his third point, he asks for plain error review of an alleged error in the State's verdict directing instruction on the child molestation count. We affirm.

## Factual and Procedural Background

This is a case of a long delayed prosecution because of an inability to identify a perpetrator until subsequent DNA testing technology identified Marley. The victim, then thirteen years old, originally claimed that she was kidnapped and forcibly raped. Later, during the prosecution of this case, she admitted that she had gone to an apartment with a man she knew only as "D" and had been raped. The defendant was originally charged with twelve sexual offenses. The jury acquitted Marley of ten counts, leaving the two convictions described earlier.

## Standard of Review

■ Our standard of review requires that we consider the evidence and all of the reasonable inferences therefrom in the light most favorable to the verdict and disregard all contrary inferences. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). The test is "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Wright*, 998 S.W.2d 78, 81 (Mo.App. W.D.1999).

## Discussion

■ In order to determine the sufficiency of the evidence, we must consider the elements of each of the crimes and the evidence presented in support of each element. "[A] person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old." Section 566.032. "Sexual intercourse" is defined as "penetration, however slight, of

---

1. All statutory references are to RSMo 1998, unless otherwise noted.

the female sex organ by the male sex organ, whether or not emission results." Section 566.010(4). Marley attacks proof of both elements in his first point on appeal. "[A] person commits the crime of child molestation in the second degree if he subjects another person who is twelve or thirteen years old to sexual contact." Section 566.068. "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3). Marley contests the proof element that the victim was thirteen years old.

Marley does not contend that there is *no evidence* of the contested elements of the two crimes. Instead, he argues that the State's evidence is so contradictory, inconsistent, and unreliable as to be devoid of evidentiary value without corroboration. Marley acknowledges that the testimony of a complaining witness is ordinarily sufficient to sustain a conviction but argues for an exception under *State v. Hill*, 808 S.W.2d 882, 890 (Mo.App.E.D.1991), when the testimony is of a contradictory nature or so unconvincing that it requires corroboration.

■■■ Credibility of any witness, including the complaining witness, is a matter for determination by the jury. *Id.* The exception urged by Marley does exist but does not apply here. Contradictions and inconsistencies between the state's witnesses and evidence do not, alone, destroy the sufficiency of the state's case. *State v. Peters*, 186 S.W.3d 774, 778 (Mo.App. W.D. 2006). Nor do contradictions even in the complaining witness's testimony and pretrial statements serve to require corroboration. It is only when the witness's trial testimony itself is inconsistent and/or contradictory in major respects that corroboration becomes necessary. *Id.*

Marley points to a number of inconsistencies, contradictions, and outright admitted falsifications by the victim. For example, she admitted that she originally lied when she told authorities she was kidnapped and raped by a stranger. She embellished this fabrication with great detail. Marley also points to the use of conditional language such as "probably" that prefaced a number of portions of the victim's trial testimony. He also points to testimony where at one point she claims Marley tried to penetrate her twice and another time says it was three attempts. Marley asks that we look at all these circumstances and find that the victim's testimony was so incredible and untrustworthy that we should disregard it unless corroborated. That is not our role. *State v. Wright*, 998 S.W.2d 78, 82 (Mo.App. W.D. 1999). The corroboration rule does not apply when the contradictions in trial testimony deal only with collateral matters. *Id.* And it only applies when there are "gross inconsistencies" in the victim's trial testimony that "relate directly to an essential element of the case." *State v. Gatewood*, 965 S.W.2d 852, 856 (Mo.App. W.D. 1998). Viewed under these rules, corroboration was not required. The victim testified unequivocally that she was thirteen years old on the day that she had sexual intercourse with Marley. She was also not equivocal in her testimony that Marley penetrated her vagina and ejaculated. Whether he attempted to penetrate her two or three times was certainly grounds for impeachment but was collateral as to an element of the crime.

Points one and two are denied.

■■ In his Point III, Marley claims that the trial court plainly erred in giving the verdict directing instruction on Count X, child molestation in the second degree.

More specifically, Marley contends that the instruction was a roving commission because it did not specify the conduct giving rise to the charge, namely touching the victim's face with his penis. The instruction was improper, Marley argues, because there were a number of sexual acts charged in other counts that could have misled the jury as to what act was being submitted by Instruction No. 24. The State argues that when read in context with the other instructions and the prosecutor's argument, it is clear that the instruction pertained to only the particular act charged in Count X.

At the time of the instruction conference, Marley's counsel indicated no problem with any of the instructions. The State claims that this is an affirmative waiver that also prevents plain error review under *State v. Stewart*, 18 S.W.3d 75, 91 (Mo.App. E.D.2000). Through what we are confident is oversight, the State has not referred us to *State v. Wurtzberger*, 40 S.W.3d 893, 898 (Mo. banc 2001). In *Wurtzberger*, the court specifically held that the waiver provisions of Rule 28.03 did not trump Rule 30.20 permitting plain error review to correct manifest injustice. *Id.* Marley did not waive plain error review.

 Plain error will only be found where the error is plain and obvious and a manifest injustice or miscarriage of justice will result from the failure to correct the alleged error. *State v. McCoy*, 971 S.W.2d 861, 864 (Mo.App. W.D.1998). To secure plain error relief regarding an instruction, Marley must demonstrate that " 'the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict.' " *State v. Johnson*, 62 S.W.3d 61, 66 (Mo.App. W.D.2001) (quoting *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App.W.D.2000)). Marley's argument

fails to convince us that a manifest injustice resulted from the claimed error in the instruction. The jury was instructed to consider all of the counts separately. Acquittals rendered on most of the charges demonstrate they did so. The prosecutor explained that the two child molestation counts involved two specific acts—"penis on face or mouth on breast." Instructions for the other counts detailed where Marley placed his mouth or penis for those counts. Instruction No. 24 was the only one that did not specify which genitals touched which body part. The jury acquitted Marley of all other charges involving genital and body part contact, including the mouth to breast contact. Given the context of the instructions and the explanation in argument, we are not persuaded that the jury was granted a roving commission that resulted in manifest injustice. Point denied.

The judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and THOMAS H. NEWTON, Judge, concur.